Susan **MEINEKER** & Sybil **McPherson,** **Individually and on Behalf of All Others Similarly Situated, Plaintiffs,**

v.

**HOYTS CINEMAS CORPORATION, Defendant.**

**No. 1:98–CV–1526.**

United States District Court, N.D. New York.

June 26, 2001.

Disability Advocates, Inc., Albany, New York, Michael J. Malone, Timothy A. Clune, of counsel, for plaintiffs.

King & Spalding, New York City, for defendant.

### MEMORANDUM—DECISION AND ORDER

HURD, District Judge.

## I. INTRODUCTION

Plaintiffs Susan Meineker and Sybil McPherson, both of whom use wheelchairs to ambulate, commenced this action individually, and on behalf of all others similarly situated, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213. They allege that defendant Hoyts Cinemas Corporation's ("Hoyts") Crossgates 18 stadium-style movie theaters in Albany, New York pro-vide inferior seating to patrons in wheelchairs. The plaintiffs moved to exclude the testimony and report of the defendant's expert, John Salmen, on the grounds that the standards for relevance and reliability set forth in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), have not been met. The defendant opposed and moved to exclude plaintiffs' expert, Mark Mazz, on the same grounds. Oral argument was heard on April 20, 2001, in Albany, New York. Decision was reserved.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Evidence 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The object of this Rule is to ensure that all expert "testimony and evidence admitted is not only relevant, but reliable." *Daubert,* 509 U.S. at 589, 113 S.Ct. 2786. The proponent of the expert evidence must establish its admissibility by a preponderance of the evidence. *See Koppell v. New York State Bd. of Elections,* 97 F.Supp.2d 477, 479 (S.D.N.Y.2000) (citing *Daubert,* 509 U.S. at 592 n. 10, 113 S.Ct. 2786; *Union Bank of Switzerland v. Deutsche Fin. Servs. Corp.,* No. 98 Civ. 3251, 2000 WL 178278 (S.D.N.Y. Feb. 16, 2000)). The district court's determination of reliability is reviewed for abuse of discretion. *See General Elec. Co. v. Joiner,* 522 U.S. 136, 143, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

■ Ultimately, the court must determine whether the expert has sufficient specialized knowledge to assist the trier of fact in deciding the particular issues in the case. *Kumho Tire Co.*, 526 U.S. at 156, 119 S.Ct. 1167. Expert opinion as to the legal standard to apply is inadmissible, as it usurps the role of the judge and is outside the expert's area of expertise. *See Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509–10 (2d Cir.1977); *see also Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 370 (4th Cir.1986) (stating that an expert is permitted to testify as to factual matters, but may not state the meaning of a law or conclusions of law).

■ Four factors to consider when determining whether or not an expert's theory or technique is reliable are: (1) whether the theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error, and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or technique has gained general acceptance by the relevant scientific community. *Daubert*, 509 U.S. at 593–94, 113 S.Ct. 2786. The test for the reliability of expert evidence is flexible, and therefore, the factors listed in *Daubert* are not a definitive checklist, but rather should be modified to the facts of each case. *Kumho Tire Co.*, 526 U.S. at 150–51, 119 S.Ct. 1167. Further, the focus of the inquiry envisioned by Rule 702 "must be solely on principles and methodology," not on the conclusions reached. *Daubert*, 509 U.S. at 595, 113 S.Ct. 2786.

■ In addition to determining the reliability of expert testimony and evidence, the trial court must determine "whether [the] reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93, 113 S.Ct. 2786. This requirement has been described as "one of 'fit' ", *id.* at 591, 113 S.Ct. 2786 (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985)), that is, the evidence must have "a valid scientific connection to the pertinent inquiry." *Id.* at 592, 113 S.Ct. 2786.

**B.** *Analysis*

■ As an initial matter, it is questionable whether expert opinion is necessary in this case. One of the key issues in this case is the appropriate definition for the phrase "comparable lines of sight." [1] Each expert's opinion employs a different definition for this phrase, and based upon his definition, determines whether the defendant's stadium-style theaters complies with the ADA. However, the appropriate definition is a legal standard requiring a judicial determination. Thus, their opinions as to this legal standard are inadmissible. Further, their conclusions, which are premised on a legal standard of their choosing, are irrelevant.

■ Alternatively, both expert's opinions should be excluded as unreliable. First, there are no industry standards to provide a foundation for the testimony of either expert. As such, both Mazz and Salmen formulate their own standards on which to base their conclusions, with the result that neither has "sufficient specialized knowledge to assist the [trier of fact] in deciding the particular issues in the case." *Grdinich v. Bradlees*, 187 F.R.D. 77, 82 (S.D.N.Y.1999). Second, both experts developed their theories for this

---

1. The ADA Accessibility Guidelines provide that "[w]heelchair areas shall be an integral part of any fixed seating plan and shall ... provide people with physical disabilities ... lines of sight comparable to those for members of the general public." 28 C.F.R. Part 36, Appendix A, § 4.33.3.

case. The testimony of an expert which is based directly on preexisting research conducted independently of the litigation "provides important, objective proof that the research comports with the dictates of good science." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995) (on remand, the 9th Circuit excluded expert opinion for failure to demonstrate that it "was derived by the scientific method"), *cert. denied*, 516 U.S. 869, 116 S.Ct. 189, 133 L.Ed.2d 126 (1995). Since neither Mazz nor Salmen based his opinion on existing, independent research, the party seeking to introduce such testimony must present other objective evidence that "the testimony is based on 'scientifically valid principles.'" *Id.* at 1318. Neither party has done so.

Neither theory or technique has been subject to peer review or publication. Also, since both theories were developed for this case, they have not been presented to, or generally accepted by, the relevant technical community. Further, Mazz's methodology is based upon his subjective determination of which general seats in a particular theater are "nearby" wheelchair seats, and his comparison of a wheelchair seat to the "best" and "worst" nearby general seat. These subjective factors inhibit objective testing and there are no standards to control the operation of this technique. Salmen's methodology is unclear. Indeed, his expert report appears to primarily take Mazz's methodology and counter it. Such an approach also cannot be objectively tested and there are no standards to control its operation. Finally, no other objective evidence was presented to demonstrate that either Mazz's or Salmen's theories were derived by a valid scientific method. Consequently, the expert testimony and reports of both Mazz and Salmen must be excluded.

### III. *CONCLUSION*

The lack of industry standards concerning the definition of the phrase "comparable line of sight" and the requirements necessary to satisfy the ADA, and the fact that both experts developed their theories specifically for this case hinders the reliability of their opinions in this case. Moreover, neither expert's theory satisfies any of the four factors set forth in *Daubert*. Finally, neither party has proffered any additional objective evidence that their expert's theories were derived through a valid scientific method. Of course, although Mazz and Salmen are precluded from offering their expert opinions, they may be called as fact witnesses to testify about such matters as the measurements and pictures they took of the theaters in question.

Accordingly, it is

ORDERED, that

1. The plaintiffs' motion to exclude the expert testimony and report of John Salmen, is GRANTED; and

2. The defendant's motion to exclude the expert testimony and report of Mark Mazz, is GRANTED.

IT IS SO ORDERED.